**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nutramax Laboratories Incorporated and Nutramax Laboratories Veterinary Sciences Incorporated,<br><br>Plaintiffs,<br><br>v.<br><br>FLP LLC,<br><br>Defendant. | No. CV-19-01267-PHX-SMB<br><br>**ORDER** |

Pending before the court is Nutramax Laboratories Incorporated and Nutramax Laboratories Veterinary Sciences Incorporated's ("Plaintiffs") Motion to Reconsider Order Awarding Attorneys' Fees. (Doc. 37).

## I. Background

On February 22, 2019, Plaintiffs filed their Complaint. (Doc. 1). Subsequently, on March 6, 2019, Defendant responded with a letter explaining why it felt the Complaint was without merit. (Doc. 21-1 at 4-5). On April 3, 2019, the parties communicated through email regarding the letter and thereafter had frequent communication about settlement. (*See* Doc. 21-1). On May 22, 2019, Plaintiffs emailed Defendant regarding a request for entry of default, and on May 24, 2019, Plaintiffs filed an Application for Entry of Default against Defendant, without confirming that Defendant received notice. (Doc. 18). Later that day, Defendant emailed Plaintiffs, requesting they withdraw the application and stating if they failed to do so that Defendant would request appropriate relief in a Motion to Set Aside.

(Doc. 21-1 at 24). On May 28, 2019, the Clerk's Entry of Default was filed with the Court. (Doc. 19). Then, on June 1, 2019, Plaintiffs filed another status report with the Court and did not advise that default had been entered, but instead indicated that the parties remained in settlement discussions.

On June 6, 2019, Defendant filed a Motion to Vacate Clerk's Entry of Default and Request for Attorneys' Fees. (Doc. 21). In support of the request for attorneys' fees, Defendant provided the case *Cox v. Nasche*, 149 F.R.D. 190 (D. Alaska 1993), which described that a finding of bad faith litigation provides the Court with authority to award attorneys' fees. (*Id.* at 14).

On June 20, 2019, Plaintiffs filed a Response to Defendant's Motion to Vacate and Request for Attorneys' Fees, asserting Defendants provided no legal or procedural basis for the fee awards. (Doc. 23 at 1).

On June 27, 2019, Defendant filed a Reply to Plaintiffs' Response to their Motion to Vacate and Request for Attorneys' Fees. (Doc. 23). The reply reiterated the arguments made in the initial motion and addressed Plaintiffs' argument that "attorney fees cannot be awarded unless legislation authorized such an award" by citing to [28] United States Code Section 1927. *Id.* at 5.

On July 11, 2019, the Court ordered attorney fees after finding that Plaintiffs did not act in good faith in seeking entry of default when representing to the Defendant and the Court that they were still engaging in settlement discussions, failing to disclose to the court or adequately notify the Defendant that they were changing course, and refusing to withdraw the motion when requested by Defendant. (Doc. 31 at 3).

On July 24, 2019, Plaintiffs filed a Motion to Reconsider Order Awarding Attorneys' Fees, requesting relief pursuant to Local Rule of Civil Procedure 7.2(g). (Doc. 37). Plaintiffs assert that attorneys' fees are not available because (1) Defendant failed to serve its motion for fees 21 days prior to its filing in accordance with the safe harbor provision of Rule 11(c)(2), (2) Section 1927 sanctions require a finding of subjective bad faith which the Court should not have found, and (3) Section 1927 fees are not proper here

when the basis for the fee award was not raised by Defendants until their reply brief. (*Id.* at 2).

In Response, Defendant asserts that failure to comply with the Rule 11(c)(2) safe harbor provision was not eligible for reconsideration per Local Rule of Civil Procedure 7.2(g), as it was not brought to the Court's attention in Plaintiffs' Response to Defendant's Motion to Vacate and Request for Attorneys' Fees prior to the Court's order granting the motion. (Doc. 44 at 3-4). Defendant also asserts that if the issue of complying with the safe harbor provision was eligible for reconsideration, that Defendant complied with its requirements. (*Id.* at 4-5). Lastly, Defendant asserts Plaintiffs' Motion to Reconsider failed to comply with Local Rule of Civil Procedure 7.2(g) in that it consisted of arguments that were repeated in Plaintiffs' Response to Defendant's Motion to Vacate Default. (*Id.* at 8).

## II. Legal Standard

### A. Motions for Reconsideration

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ 7.2(g)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party should not file a motion for reconsideration to ask the court "to rethink what the court has already thought through—rightly or wrongly." *Defs. of Wildlife*, 909 F. Supp. at 1351 (citations omitted).

### B. Court Authority to Impose Sanctions in the Form of Attorneys' Fees

The Court's power to impose sanctions stems from multiple authorities, including Federal Rule of Civil Procedure 11, statutory authority under 28 United States Code Section 1927, and the Court's inherent power.

### i. Rule 11 Sanctions

Rule 11(c) authorizes the Court to award a prevailing party the "reasonable expenses, including attorney's fees, incurred for the motion[,]" subject to certain conditions. FED. R. CIV. P. 11(c)(2).

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

*Id.*

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

*Id.* (1993 Adv. Comm. Note).

### ii. Statutory Authority

28 United States Code Section 1927 authorizes the Court to require an attorney to satisfy an opposing party's attorneys' fees:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

### iii. Inherent Power

A federal district court has inherent power to impose sanctions in the case of bad faith litigation. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481-82 (9th Cir. 1989). This

includes orders to compensate a party for attorneys' fees. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765–66 (1980). "The imposition of sanctions under the inherent power of the court is proper where counsel has 'willfull[y] abuse[d] judicial process' or otherwise conducted litigation in bad faith." *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (citations omitted). A finding of bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Id.*

In *Roadway*, a party moved to dismiss the suit and also requested an award of attorneys' fees. *Roadway Exp., Inc.*, 447 U.S. at 752. The district court awarded attorneys' fees and on appeal the Supreme Court found that the district court's ruling was a proper exercise of the court's inherent powers, stating:

> the general rule in federal courts is that a litigant cannot recover his counsel fees. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. at 257. But that rule does not apply when the opposing party has acted in bad faith. In Alyeska, we acknowledged the "inherent power" of courts to "assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant[,] or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'"

*Id.* at 765-66. Furthermore, in *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998), the court reversed the lower court's award of sanctions for failing to comply with the Rule 11 safe harbor provision, but the reversal was premised on the fact that the court had failed to make a finding of bad faith and thus had no basis to award sanctions under the court's inherent power to do so. 146 F.3d at 711.

**III. Analysis**

Plaintiffs raise the argument that reconsideration is appropriate because they have proven manifest error in the Court's decisions to award attorneys' fees when, they argue: (1) Defendant failed to serve its motion for fees 21 days prior to its filing in accordance with the safe harbor provision of Rule 11(c)(2); (2) Section 1927 sanctions require a finding

of subjective bad faith which the Court should not have found; and (3) Section 1927 fees are not proper here when the basis for the fee award was not raised by Defendants until their reply brief. (Doc. 37).

The July 11, 2019 Court Order granting Defendant's Request for Attorney Fees was an expression of the Court's inherent power to impose sanctions. As provided in the Order, Plaintiffs acted in bad faith in seeking entry of default when representing to the Defendant and the Court that they were still engaging in settlement discussions, failing to disclose to the court or adequately notify the Defendant that they were changing course, and refusing to withdraw the motion when requested by Defendant. These actions provide a basis for the Court to require Plaintiffs to compensate Defendant for reasonable attorneys' fees associated with the Motion for Default. As such, the arguments presented by Plaintiffs in their Motion to Reconsider do not generate a showing of manifest error or a showing of new facts or legal authority.

As the finding of bad faith motivated the Court to use its inherent power to require Plaintiffs to pay attorneys' fees, any remaining issues before the Court need not be decided, including:

(1) whether Defendant complied with Rule 11's safe harbor provision,

(2) whether Section 1927 could be used as a basis for awarding attorneys' fees when authority for doing so was not provided by Defendant until its reply brief,

(3) whether Section 1927 requires a finding of subjective bad faith.

**IT IS ORDERED DENYING** Plaintiffs Motion to Reconsider Attorneys' Fees.

Dated this 19th day of August, 2019.

Honorable Susan M. Brnovich
United States District Judge

- 6 -